[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant, Calvin O. Reddick, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of theft from an elderly person, aggravated burglary, aggravated robbery, and felonious assault. He was convicted of the offenses after a jury trial. For the following reasons, we affirm the judgment of the trial court.
 {¶ 3} At trial, the state presented evidence that the eighty-one-year-old victim, Louise Meadows, had purchased a refrigerator in September 2001. Reddick was employed as a delivery person, and on September 11, 2001, he and another employee delivered the refrigerator to Meadows's home. During the delivery, Reddick asked if he could use the restroom. Meadows allowed him to do so, and when the two men left, she discovered that a box containing approximately $4,000 in cash had been stolen. The box was later recovered in a car that Reddick had borrowed from his employer. Reddick admitted possessing the money but explained that he had earned it by performing some household chores for Meadows.
 {¶ 4} On December 1, 2001, in the early afternoon, a man forced his way into Meadows's home and threw her down a flight of stairs. Meadows suffered a broken leg as a result of the fall and later discovered that approximately twenty dollars in cash had been stolen from her home. Meadows subsequently chose Reddick's picture from an array of six photographs and identified him as the perpetrator of the December offenses.
 {¶ 5} At trial, Reddick presented the alibi testimony of his girlfriend, who testified that Reddick had donated plasma on the date of the December incident and had arrived home at approximately 3:30 p.m. The jury returned a verdict of guilty on all counts.
 {¶ 6} In his first assignment of error, Reddick argues that his convictions were against the manifest weight of the evidence. To reverse a conviction on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[1]
 {¶ 7} In the case at bar, Reddick contests only the identification evidence. He argues that Meadows was equivocal in her identification of him as the perpetrator and that no other evidence linked him to the offenses. With respect to the September theft, the evidence indicated that Reddick had admitted to having possessed the stolen money and could offer no plausible explanation. As for the December offenses, Meadows identified Reddick as the perpetrator both in the pretrial array and in her trial testimony. That her testimony reflected some level of uncertainty did not render the convictions contrary to the weight of the evidence. The first assignment of error is accordingly overruled.
 {¶ 8} In his second and final assignment of error, Reddick contends that the trial court erred in overruling his motion to suppress the pretrial identification. Reddick argues that the identification procedure was tainted because the investigating officer had told Meadows that the array contained a suspect's photograph.
 {¶ 9} We find no merit in the assignment. To suppress identification testimony, the trial court must find that the procedure employed was so impermissibly suggestive as to give rise to "a very substantial likelihood of irreparable misidentification."[2] Because it is reasonable for a witness to assume that a photographic array will include a suspect and not merely a randomly selected group of people, it is not unduly suggestive for an officer to inform the witness that a suspect is included in a lineup.[3]
 {¶ 10} In the case at bar, the officer did not suggest which photograph Meadows should select and did not otherwise taint the identification procedure. Reddick has failed to demonstrate that the procedure was unduly suggestive, and we therefore overrule the second assignment of error.
 {¶ 11} Although we have overruled both assignments of error, we note that the trial court erroneously indicated in its judgment entry that count three of the indictment was an aggravated-burglary charge, when it in fact was an aggravated-robbery charge. Despite the error in naming the offense, the trial court listed the correct section of the revised code for aggravated robbery. We hereby modify the judgment entry to reflect that the offense in the third count was aggravated robbery as set forth in the indictment.
 {¶ 12} Therefore, the judgment of the trial court is affirmed as modified.
 {¶ 13} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Hildebrandt, P.J., Painter and Winkler, JJ.
[1] State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541.
[2] Neil v. Biggers (1972), 409 U.S. 188, 198, 93 S.Ct. 375.
[3] State v. Beougher (June 14, 1994), 10th Dist. No. 93APA11-1622.